UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHERRIE MCCARTHY, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 22-5262** |
| **UNITED PROPERTY AND CASUALTY INSURANCE COMPANY** | **SECTION I** |

### ORDER & REASONS

Before the Court is a motion[1] by defendant United Property and Casualty Insurance Company ("UPC"), pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss plaintiffs Sherrie and Edward McCarthy's ("plaintiffs") claim pursuant to the Louisiana Unfair Trade Practices Act ("LUTPA"). For the reasons that follow, the Court grants the motion.

### I. FACTUAL BACKGROUND

This is an insurance dispute arising from damage to plaintiffs' home allegedly sustained during Hurricane Zeta in 2020.[2] UPC insured the property.[3] Plaintiffs allege that UPC breached the insurance contract and its duties of good faith and fair dealing, imposed by Louisiana law, by failing to timely and adequately compensate plaintiffs for covered damage.[4] Plaintiffs also asserted a claim for unfair trade practices in violation of La. Rev. Stat. Ann. § 51:1409, *et seq.* (hereinafter referred to as "Louisiana Unfair Trade Practices Act" or "LUTPA"). UPC seeks dismissal of

---

[1] R. Doc. No. 6.
[2] R. Doc. No. 1-2.
[3] *Id.*
[4] *Id.*

plaintiffs' unfair trade practices claim, contending that LUTPA does not provide a private cause of action against an insurance company.[5]

## II. STANDARDS OF LAW

### a. Dismissal for Failure to State a Claim

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Culbertson v. Lykos*, 790 F.3d 608, 616 (5th Cir. 2015) (citation omitted) (internal quotation marks omitted).

A complaint is insufficient if it contains "only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (citation and internal quotations omitted). It "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal quotations omitted). In considering a motion to dismiss, a court views the complaint

---

[5] R. Doc. No. 6, at 1.

"in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor." *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).

### III.   ANALYSIS

By its terms, LUTPA does not apply to "actions or transactions subject to the jurisdiction of . . . the insurance commissioner." La. Rev. Stat. Ann. § 1406(1). "[U]nfair trade practices in the insurance context fall within the authority of the commissioner of insurance." *Cougle v. Berkshire Life Ins. Co. of Am.*, 429 F. Supp. 3d 208, 219 (E.D. La. 2019) (Vance, J.); *see* La. Rev. Stat. Ann. § 22:1967 ("The commissioner of insurance shall have power to examine and investigate the affairs of every person engaged in the business of insurance . . . in order to determine whether such person has been or is engaged in any unfair method of competition or in any unfair or deceptive act or practice prohibited by this part.").

Therefore, "[b]ecause unfair trade practices fall under the jurisdiction of the insurance commissioner, the plain language of LUTPA bars" claims of unfair trade practices against insurance companies. *Cougle*, 429 F. Supp. 3d at 219; *accord Crescent City Surgical Centre v. Cigna Health & Life Ins. Co.*, No. 18-11385, 2020 WL 1503534, at *3 (E.D. La. Mar. 30, 2020) (Guidry, J.) ("[T]he Court finds that Plaintiff's claim of unfair trade practices falls within the jurisdiction of the insurance commissioner. Therefore, LUTPA does not apply here and Plaintiff's LUTPA claim must be dismissed.").

Plaintiffs cite *Lamarque v. Massachusetts Indemnity & Life Insurance Co.*, in which the Fifth Circuit held that LUTPA provided a private cause of action against insurance companies for unfair trade practices. 794 F.2d 197 (5th Cir. 1986). However, the Fifth Circuit revisited this holding in *Century Surety Co. v. Blevins*, and, noting that the Louisiana Supreme Court had not definitively ruled on the issue, relied on a Louisiana appellate court decision to make an *Erie* guess that LUTPA did not provide a private cause of action against insurers. 799 F.3d 366 (5th Cir. 2015) (citing *Clausen v. Fidelity & Deposit Co. of Md.,* 660 So.2d 83, 86 (La. Ct. App. 1995)). The more recent cases in this district, cited above, follow *Century Surety Co.* to hold that LUTPA does not provide a private cause of action against insurance companies. *E.g.*, *Crescent City Surgical Centre*, 2020 WL 1503534, at *3 n.47 (citing *Century Surety Co.*, 799 F.3d, at 372).

Because LUTPA does not provide plaintiffs with a private cause of action against UPC, plaintiffs have failed to state a claim for relief pursuant to LUTPA. Fed. R. Civ. P. 12(b)(6). That claim will therefore be dismissed.

Accordingly,

**IT IS ORDERED** the motion to dismiss is **GRANTED** and plaintiffs' LUPTA claim is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, January 13, 2023.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**